IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOE CUMMINGS BONNER,

            Plaintiff,

    v.

DR. ANDERSON, DR. BOISVERT,
OREGON DEPARTMENT OF JUSTICE,
and OREGON DEPARTMENT OF
CORRECTIONS,

            Defendants.

Case No. 3:25-cv-00856-SI

ORDER TO DISMISS

SIMON, District Judge.

    Plaintiff, incarcerated at the Deer Ridge Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Amended Complaint is dismissed because it is frivolous. *See* 28 U.S.C. § 1915(e)(2).

## BACKGROUND

    Plaintiff alleges that Defendants Anderson and Boisvert, both of whom he identifies as physicians within the Oregon Department of Corrections, were negligent and engaged in medical malpractice when they delayed treatment of his infected toe. He alleges that due to their failure

1 - ORDER TO DISMISS

to provide him with timely and effective treatment, he needlessly suffered an emergency amputation of his toe. He seeks $2,800,000 in damages and asks that Drs. Anderson and Boisvert be relieved of their duties.

## STANDARDS

The Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) & 1915A. In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that Defendants violated his constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

In another pending case, *Bonner v. Anderson, et al.,* 3:25-cv-00292-SI, Plaintiff is already challenging issues pertaining to the medical care of his toe by Drs. Anderson and Boisvert. In that case, as here, Plaintiff alleges that his toe was ultimately amputated due to the lack of adequate medical care he received and he seeks $2,800,000 in damages. Duplicative lawsuits filed by a plaintiff proceeding *in forma pauperis* are subject to dismissal as either frivolous or malicious under 28 U.S.C. § 1915(e). *See e.g.*, *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *McWilliams v. State of Colo.*, 121 F.3d 573, 574 (10th Cir. 1997); *Pittman v. Moore*,

980 F.2d 994, 994-95 (5th Cir. 1993); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). Because this case arises out of the same series of events and factual allegations that are already at issue in Case No. 3:25-cv-0292-SI, the Court summarily dismisses this case as frivolous. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (dismissing as frivolous claim arising out of the same series of events and alleging the same facts as another pending action).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Amended Complaint (#9) is DISMISSED because it is duplicative of another case and, therefore, frivolous. The dismissal is without prejudice to Plaintiff's right to continue litigating Case No. 3:25-cv-00292-SI.

September 22, 2025
DATE

Michael H. Simon
United States District Judge

3 - ORDER TO DISMISS